IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

PATRICK HATELY,

        Plaintiff,

v.                                Case No.: 1:16cv1143-GBL/MSN

NICOLE TORRENZANO,

        Defendant.

**REPLY AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

COMES NOW, Defendant NICOLE TORRENZANO, and in reply to Plaintiff's Opposition to Defendant Torrenzano's Motion to Dismiss, states that she relies upon her previous pleading and adds the following specifics:

    **I.**    **Damages under the FCAA.**

Plaintiff will not state what damages/losses he sustained based upon the alleged misconduct of Ms. Torrenzano. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (hereinafter "the CFAA") requires that a Plaintiff suffer $5,000 in actual losses. Instead of putting forth facts that would support such a loss, he continues to use vague language adopted by other cases. For example, in his pleading Plaintiff claims, "Plaintiff incurred many hours of valuable time away from day-to-day responsibilities in attempting to determine the source of the computer breach and undertaking to discovery (sic) the responsible parties, which had a value of more than $5,000, alone." This language was adopted from <u>SuccessFactors, Inc. v. Softscape, Inc.</u>, 544 F. Supp. 2d 975, 980-81 (N.D. Cal. 2008). Whether that was true for the Plaintiff in <u>SuccessFactors, Inc.</u> is unknown. What is clear is that Plaintiff herein fails to state what specific actions he took, what he claims his time is worth, and how it equals $5,000. What is further known is that all Plaintiff

*Hately v. Torrenzano, 1:16cv1143*
*Reply and Supplemental Memorandum in Support of Defendant's Motion to Dismiss First Amended Complaint*
Page **2** of **5**

needed to do to prevent any alleged unauthorized use by Defendant was to change his password. It is hard to imagine that Plaintiff incurred $500, much less $5,000, investigating or responding to any alleged breach.

Plaintiff further suggests that he "incurred attorney's fees in filing the instant case, in excess of $5,000. Plaintiff had to file the case to obtain third party discovery, available only via subpoena power, to determine the extent of the damages. Plaintiff is not a licensed attorney. Professional fees paid to Plaintiff's attorneys already exceed $5,000." There is no case that suggests that suing a party for an alleged breach constitutes the consequential damages required to support the $5,000 loss demanded by the CFAA. [1]

Plaintiff's continued failure to allege a set of specific facts that would support his claim of relief continues to demonstrate that he has no such facts and his cause of action should be dismissed.

II. **Stored Communication Act.**

Plaintiff fails to set forth a set of specific facts supporting his conclusion that Google maintained a back-up copy of his emails, which is a necessary element of the Stored Communication Act. Plaintiff must set forth factual allegations to support a plausible inference that at the time of the alleged access, his emails were "**stored by an electronic communication service *for purposes of backup protection*.**"[2] Moreover, Plaintiff fails to identify with any particularity any single email that was read or used by the Defendant, Ms. Torrenzano.

---

[1] If attorney's fees for suing the party who is alleged to have committed a breach constitute consequential damages that sustain the element of $5,000 in losses under the CFAA, then Mr. Menhart must withdraw from the case, as he is now a material witness as to an essential element of his client's claim.

[2] Plaintiff makes no allegation that the allegedly accessed emails were in "temporary, intermediate storage . . . incidental to the electronic transmission thereof."

Case 1:16-cv-01143-GBL-MSN   Document 28   Filed 11/28/16   Page 3 of 5 PageID# 144

*Hately v. Torrenzano*, 1:16cv1143
*Reply and Supplemental Memorandum in Support of Defendant's Motion to Dismiss First Amended Complaint*
Page **3** of **5**

Plaintiff's failure to identify these facts should result in the dismissal of his cause of action.

### III.    State Claims.

As noted in our Memorandum in Support of Defendant's Motion to Dismiss First Amended Complaint, the Amended Complaint alleges that Ms. Torrenzano and Dr. Watts viewed and copied information from a computer screen without authorization; however, the mere access and copying, if true, does not lead to a plausible claim for relief because a civil action requires the element of resultant damage to the property or person. Plaintiff fails to identify a single harm to person or property, as is required for the three state claims.  § 18.2-152.12A (1950 Code of Virginia, as amended), which provides for a private action for violation(s) of Chapter 5, Article 7.1 of the Code of Virginia ("Computer Crimes") states: "Any person whose property or person is injured by reason of a violation of any provision of this article or by any act of computer trespass set forth in subdivisions A 1 through A 8 of § 18.2-152.4 regardless of whether such act is committed with malicious intent may sue therefor and recover for any damages sustained and the costs of suit. Without limiting the generality of the term, "damages" shall include loss of profits."

Plaintiff's citation to A.V. ex. Re. Vanderhye v. iParidigms, LLC, 562 F.3d 630 (4th Cir. 2009) is misplaced. In that case the court did not consider the threshold question of injury to person or property. Specifically, the Fourth Circuit stated that it "express[ed] no opinion, however, as to whether iParadigms is a 'person whose property or person is injured by reason of a violation of [the VCCA].' Va.Code Ann. § 18.2-152.12, or whether this claim is otherwise viable." See A.V. ex. Rel. Vanderhye, 562 F.3d at 647.

*Hately v. Torrenzano, 1:16cv1143*
*Reply and Supplemental Memorandum in Support of Defendant's Motion to Dismiss First Amended Complaint*
Page **4** of **5**

## Conclusion.

WHEREFORE, having failed in his pleadings to set forth well-pleaded factual allegations that plausibly giving rise to an entitlement to relief, Plaintiff's First Amended Complaint should be dismissed with prejudice.

                                                    Respectfully submitted,

                                                    NICOLE TORRENZANO
                                                    Defendant
                                                    By Counsel

GREENBERGCOSTLE, PC

By: _____/S/_____
Cary S. Greenberg
Virginia State Bar No. 27456
Caroline E. Costle
Virginia State Bar No. 38251
Timothy R. Bradley
Virginia State Bar No. 81889
8027 Leesburg Pike, Suite 302
Tysons Corner, Virginia 22182
Tel:  (703) 448-3007
Fax:  (703) 821-1144
CSG@GreenbergCostle.com
CEC@GreenbergCostle.com
TRB@GreenbergCostle.com
*Counsel for Defendant Nicole Torrenzano*

*Hately v. Torrenzano, 1:16cv1143*
*Reply and Supplemental Memorandum in Support of Defendant's Motion to Dismiss First Amended Complaint*
Page **5** of **5**

# CERTIFICATE OF SERVICE

       I hereby certify that on November 28, 2016, I electronically filed the foregoing Reply and Supplemental Memorandum in Support of Defendant's Motion to Dismiss First Amended Complaint with the Clerk of Court, using the CM/ECF System, which will send notice of such filing to the following CM/ECF users:

William Peter Robinson, III, Esq.
Robinson Law Services
319 N. Piedmont Street
Suite 1
Arlington, VA 22203
703-789-4800
Email: william@robinsonslaw.com
*Counsel for Plaintiff Patrick Hately*

                                  /S/
Cary S. Greenberg
Virginia State Bar No. 27456
8027 Leesburg Pike, Suite 302
Tysons Corner, Virginia 22182
Tel: (703) 448-3007
Fax: (703) 821-1144
CSG@GreenbergCostle.com
*Counsel for Defendant Nicole Torrenzano*