IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PATRICK HATELY, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:16-cv-1143-GBL-MSN |
| NICOLE TORRENZANO, | ) |
| Defendant. | ) |

**REPORT & RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Amend Complaint (Dkt. No. 33). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends denying the Motion for the reasons that follow.

**I.    Factual Background**

On September 7, 2016, Plaintiff Patrick Hately, through counsel, filed a Complaint against Defendants Nicole Torrenzano and David Watts for alleged violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, Stored Communications Act ("SCA"), 18 U.S.C. § 2701, and Virginia computer fraud, trespass, and privacy statutes. *See* Compl. (Dkt. No. 1). Plaintiff alleges that he was in a five-year relationship with Defendant Torrenzano, with whom he has two children together. *Id.* ¶ 7. Plaintiff further alleges that Defendants were also in a relationship "during all relevant time periods." *Id.* ¶ 9. Defendant David Watts was married to Audrey Watts at the time of the alleged relationship with Defendant Torrenzano.[1] *Id.* ¶ 10. After Plaintiff and Defendant Torrenzano separated in March or April 2015, Mrs. Watts asked Plaintiff about the relationship between Defendants. *Id.* ¶¶ 8, 12. In or around June 2015,

---

[1] Plaintiff alleges that in March 2016, Defendant Torrenzano was deposed as part of the divorce proceedings of Defendant Watts and Audrey Watts. Compl. ¶¶ 10, 11 (Dkt. No. 1).

Defendant Torrenzano allegedly discovered that Mrs. Watts had contacted Plaintiff.  *Id.* ¶ 13. Plaintiff alleges that in or around October 2015, Defendants, without his permission, "accessed [his] secured [cell phone, banking, and e-mail] accounts for purposes of collecting information that could be used against Plaintiff in the custody proceeding."[2]  *Id.* ¶¶ 20, 60.  In November 2015, Defendant Torrenzano "filed a petition for custody, support, and visitation."  *Id.* ¶ 58.

## II. Procedural Background

On October 6, 2016, Plaintiff voluntarily moved to dismiss Defendant Watts, and this Court dismissed Watts without prejudice on October 25, 2016.  *See* Notice (Dkt. No. 7); Order (Dkt. No. 12).  On October 24, 2016, Defendant Torrenzano filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) (Dkt. No. 10), which was denied as moot on November 7, 2016 after Plaintiff filed an Amended Complaint ("First Amended Complaint") on November 4, 2016.[3]  *See* Am. Compl. (Dkt. No. 21); Order (Dkt. No. 22).  On November 11, 2016, Defendant Torrenzano filed a second motion to dismiss the First Amended Complaint (Dkt. No. 23), which was granted without prejudice, on December 2, 2016, as to counts I (CFAA), III (Virginia computer fraud), IV (Virginia computer trespass), and V (Virginia computer invasion of privacy), and denied as to count II (SCA).  *See* Order (Dkt. No. 30). Defendant answered the First Amended Complaint on December 16, 2016.  *See* Dkt. No. 32.

On February 13, 2017, Plaintiff moved to amend the complaint by re-pleading counts I, III, IV, and V against Defendant Torrenzano, and renaming David Watts as a Defendant with respect to all five counts.  *See* Dkt. No. 33.  Plaintiff also filed a waiver of oral argument.  *See* Dkt. No. 34.  On February 20, 2017, Defendant Torrenzano filed a Notice of Intent to Oppose

---

[2] Plaintiff alleges that Defendant Torrenzano first accessed his accounts without permission in July 2015. Compl. ¶ 14 (Dkt. No. 1).
[3] For factual background, the allegations in the original complaint (Dkt. No. 1) are similar to those in the First Amended Complaint (Dkt. No. 21), but the latter excludes David Watts as a named defendant.

2

Plaintiff's Motion, which stated that Defendant opposed waiver of oral argument. *See* Dkt. No. 37. On February 27, 2017, Defendant Torrenzano filed her opposition brief and noticed the matter for oral argument on March 17, 2017. *See* Dkt. Nos. 42, 43. On February 27, 2017, David Watts filed an opposition brief. *See* Dkt. No. 41. Plaintiff filed reply briefs on March 6, 2017. *See* Dkt. Nos. 45, 46.

On March 17, 2017, the undersigned Magistrate Judge heard oral argument from counsel for Plaintiff, Defendant Torrenzano, and David Watts regarding the instant Motion. *See* Dkt. No. 48.

### III.     Legal Standard

Although leave to amend a complaint "shall be freely given when justice so requires," it is proper to deny leave to amend when the amendment would be prejudicial, futile, or in bad faith. Fed. R. Civ. P. 15(a)(2); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). The more discovery has been conducted in a case, the likelier that an amendment would prejudice the defendant. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) ("The amount of discovery is also a relevant consideration in determining whether prejudice would result from the granting of a 15(a) motion."); *Laber*, 438 F.3d at 427 ("An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."). An amendment would be futile if it is "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 695 (8th Cir.1981)). An amendment would be in bad faith if the moving party unnecessarily delayed

filing the proposed amendment. *Laber*, 438 F.3d at 427; *Johnson*, 785 F.2d at 509 (noting that delay, accompanied by bad faith, is sufficient reason to deny leave to amend).

**IV.   Discussion**

Plaintiff's proposed Second Amended Complaint would prejudice Defendant Torrenzano because discovery was well underway at the time of filing of the Motion on February 13, 2017 and, in fact, closed as of March 10, 2017. *See* Scheduling Order (Dkt. No. 13); *see also Laber*, 438 F.3d at 427 (4th Cir. 2006) ("An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."). By the time Plaintiff filed the Motion to Amend Complaint, Plaintiff's and Defendant Torrenzano's proposed deadlines for written discovery (January 4, 2017), depositions (February 10, 2017), and initial expert disclosures had all passed. *See* Joint Discovery Plan (Dkt. No. 19); Rule 16(B) Scheduling Order (Dkt. No. 20). As outlined in Defendant Torrenzano's Motion for Rule 37 Sanctions and/or Order Compelling Discovery (Dkt. No. 39), Plaintiff failed to respond timely to discovery requests and provided inadequate responses to discovery. Permitting Plaintiff to add claims at this juncture would be highly prejudicial to Defendant Torrenzano.

Plaintiff's proposed Second Amended Complaint would also prejudice former Defendant, David Watts, whom Plaintiff voluntarily dismissed from the case before discovery commenced. *See* Dkt. No. 7. Amending the complaint to rename Mr. Watts at this late stage in the litigation would prejudice Mr. Watts because he had no opportunity whatsoever to participate in discovery. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir. 2010) (affirming district court's denial of motion to amend complaint that would prejudice defendant by requiring the court to reopen discovery period).

Moreover, Plaintiff failed to seek a prompt hearing to resolve this contested issue. When filing the instant Motion, Plaintiff did not comply with the requirements for noticing or waiving oral argument. Plaintiff filed a notice of waiver of oral argument without first communicating with opposing counsel, as required by Local Civil Rule 7(E).[4] *See* David Watts' Opp'n Br. 3 (Dkt. No. 41). Plaintiff further neglected to notice the matter for a hearing even after Defendant Torrenzano set forth her opposition to waive oral argument. *See* Dkt. No. 37. It was not until February 27, 2017 that the matter was finally set for oral argument at Defendant Torrenzano's request. *See* Dkt. No. 42. In connection with the instant Motion, Plaintiff also filed a Motion for Scheduling Order Modification (Dkt. No. 35) proposing to extend discovery until April 28, 2017. *See* Dkt. No. 35-1. However, Plaintiff failed to establish good cause for extending the discovery period. *See* Local Civ. R. 7(G) ("No continuance will be granted other than for good cause and upon such terms as the Court may impose."). Accordingly, Plaintiff's contention that "the parties still have a significant amount of time before trial during which to prepare" must fail. Pl.'s Br. 8 (Dkt. No. 33).

In addition to the prejudicial impact on Defendants, Plaintiff's proposed Second Amended Complaint would also be futile. *See Johnson*, 785 F.2d at 510 (citations omitted). To state a CFAA claim, a plaintiff must prove that an individual

> knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period . . . .

18 U.S.C. § 1030(a)(4). Pursuant to 18 U.S.C. § 1030(g), "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to

---

[4] Local Civil Rule 7(E) requires a moving party to "set the motion for hearing or to arrange with opposing counsel for submission of the motion without oral argument."

5

obtain compensatory damages and injunctive relief or other equitable relief." The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and *any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service*." 18 U.S.C. § 1030(e)(11) (emphasis added). "This broadly worded provision . . . contemplates . . . costs incurred as part of the response to a CFAA violation, including the investigation of an offense." *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630, 646 (4th Cir. 2009); *Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 642, 648 (E.D. Va. 2010).

Plaintiff's proposed Second Amended Complaint fails to allege that he incurred over $5,000 in losses compensable under the CFAA. The proposed Second Amended Complaint contains pages listing his alleged losses. *See* Dkt. No. 33-1 at 18-27. However, none of the alleged losses set forth in the proposed Second Amended Complaint, including Plaintiff's time researching laws and articles on hacking, creating a whiteboard timeline of calls made, calling customer service, filing an incident report, etc. are compensable under the CFAA. *See SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975, 980-81 (N.D. Cal. 2008) ("[T]he CFAA allows recovery for losses beyond mere physical damage to property but … the additional types of damages awarded by courts under the Act have generally been limited to those costs necessary to assess the damages caused to plaintiff's system or to resecure [sic] the system in the wake of a spamming attack.").

Finally, the proposed Second Amended Complaint is virtually identical to the First Amended Complaint with respect to Plaintiff's Virginia computer fraud, trespass, and privacy

claims.[5]  *See* Dkt. Nos. 21, 33-1.  Because the proposed Second Amended Complaint fails to cure any deficiencies from the First Amended Complaint, the undersigned Magistrate Judge recommends denying the Motion with respect to counts III, IV, and V.[6]

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Amend Complaint (Dkt. No. 33) be DENIED.

## VI. Notice

By means of the Court's electronic filing system, and by mailing a copy of this Report and Recommendation to the Defendant at its address for service of process, the parties are notified as follows.  Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation.  Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

March 24, 2017
Alexandria, Virginia

---

[5] Plaintiff added a footnote to the proposed Second Amended Complaint, stating:

> Finding nothing in the statute to suggest that consequential damages are not available under section 18.2-152.12, we agree that it was error to dismiss the VCCA claim solely on this basis. . . We conclude that the evidence of consequential damages presented by iParadigms [Defendant] came within the 'any damages' language of the VCCA, and therefore that the district court erroneously granted summary judgment because there was no evidence of 'actual or economic damages.' *A.V. v. iParadigms, LLC*, 562 F.3d 630, 647 (4th Cir. 2009).

Dkt. No. 33-1 at 31, fn.3.  However, this footnote fails to cure any deficiency from the First Amended Complaint.

[6] Upon review of the record, the Court makes no finding with regard to bad faith.