IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK HATELY<br><br>v.<br><br>NICOLE TORRENZANO | Case No. 1:16-cv-1143-GBL-MSN |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

COMES NOW, Plaintiff PATRICK HATELY ("Plaintiff" or "Hately"), and in response to Defendant NICOLE TORRENZANO ("Defendant" or "Torrenzano")'s Motion for Protective Order, respectfully submits the following in opposition:

I. **Introduction**

Each subpoena issued in this matter was completely consistent with the Federal Rules of Civil Procedure. Numerous courts have found that subpoenas issued by the close of a discovery period are properly served. Moreover, the materials that have been requested from the third parties during the discovery period are comfortably in a category of information that is not subject to protection from disclosure. Defendant's Motion is properly denied.

II. **Factual Background**

Plaintiff, forced to conduct discovery almost exclusively by way of third parties in this matter, due to a Defendant that has largely invoked the Fifth Amendment, issued numerous subpoenas in this case. In many instances, Plaintiff had to rely upon information received from one third party before being able to issue a subpoena to another. In other cases, for example, a recipient simply did not respond.

Regardless of these challenges, Plaintiff issued all of the subpoenas in this case by the noted close of discovery, which was March 10, 2017. *See* Docket #53-1, #53-2, #53-3, #53-4, and #53-5. Defendant now challenges the timeliness of several of the subpoenas. As demonstrated below, the challenges are not proper because the subpoenas were issued in a timely manner.

### III.     Subpoenas Were Timely Issued

Reviewing courts have largely agreed that subpoenas constitute discovery. "The subpoena at issue clearly constitutes 'discovery' within the meaning of Rules 26 and 34." *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000); *see also Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) ("The inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery").

Fed. R. Civ. P. 45 is clear that the operative action is the "issue" of the subpoena. Indeed, the Rule consistently uses the words "issue," "issuing," and "issued" in the text of the Rule. *See* Fed. R. Civ. P. 45(a)(1)(a)(i) ("state the court from which it issued"); Fed. R. Civ. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending"); Fed. R. Civ. P. 45(a)(3) ("Issued by Whom. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.") A simple review of any dictionary definition will demonstrate that to "issue" means "the act of sending out or putting forth," or "something that is sent out or put forth in any form." *See e.g. Collins English Dictionary - Complete & Unabridged 10th Edition*. HarperCollins Publishers (2012).

"Neither Rule 45 nor Rule 34 contains any time limit within which to procure documents from third parties." *See Rice* 164 F.R.D. 557-558. Moreover, in this case, like most others, there

2

are "no provisions other than the general discovery deadline for the issuance of subpoena duces tecum." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995).

Given the above, a proper analysis requires a court to analyze (a) the date of the discovery deadline, and (b) the date of issue of the subpoenas. *See e.g. Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("subpoena issued by Defendants was an improper use of discovery devices after the close of discovery in this case"); *see also Rice* 164 F.R.D. at 558 ("The parties' briefs do not inform the Court exactly when the subpoenas in question were issued, but there is no disagreement that they were issued after the witness and exhibit exchange and after the discovery deadline.")

In the present matter, there is no dispute that the discovery deadline was March 10, 2017. *See e.g.* Docket #19, #20; Motion at 3. Moreover, there is no dispute that all of the subpoenas in question were "issued" on or before the date of the discovery deadline. Simple "paint by numbers" analysis concludes that when a subpoena is "issued" within the time allowed for discovery, it cannot be stricken as being untimely.

Defendant cites one prior, unreported case in support of their position. *See* Motion at 2. The text cited by Defendant is in a footnote. Moreover, it seems relatively clear that the Magistrate in that case was not involved in a careful analysis of the Federal Rules and related caselaw. Rather, the footnote was just that, an offhand statement designed to clarify a ruling, which likely would have been drafted differently after a more careful review of the applicable law and precedent.

### IV.   No Grounds Exist for Quashing Subpoenas

Finally, Defendant suggests that the subpoenas could otherwise be quashed. *See* Motion at 4. Such request has no legal basis. It is widely held by courts across the nation that persons whose information is subject to a valid subpoena have no legitimate expectation of privacy in the

subscriber information provided to third parties, such as Internet Service Providers or other communications providers. This is particularly true when the communications services are being used for unlawful conduct, which is the case here. *See e.g. Interscope Records v. Does 1-14*, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Sony Music Entertainment, Inc. v. Does 1–40*, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"). A person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. *See e.g. Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *U.S. v. Miller*, 425 U.S. 435, 442-43 (1976); *Couch v. U.S.*, 409 U.S. 322, 335-36 (1973).

In the present matter, no subpoena that is been issued ever sought any information that would be even remotely protected under law. Accordingly, the subpoenas cannot be quashed by Defendant based on any substantive portion of the request.

### V.     Conclusion

The facts and law in this matter are clear: the subpoenas were issued in a timely manner, and no other grounds for quashing the subpoena are valid. Defendant's Motion is accordingly denied.

Respectfully submitted,

/s/ Eric Menhart*  
Eric Menhart, Esq.  
*Admitted Pro Hac Vice*  
Lexero Law  
316 F St. NE Suite 101  
Washington, DC 20002  
Phone: 855-453-9376  
Fax: 855-453-9376  
Eric.Menhart@Lexero.com  

/s/ William P. Robinson  
William P. Robinson III, Esq.  
Tysons Pond 2 Center  
1604 Spring Hill Road Suite 300  
Vienna, VA. 22182  
703-789-4800 phone  
703-351-7579 fax  
william@robinsonslaw.com  

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via the Court's ECF system and all parties of record were served via that system.

/s/ William P. Robinson  
William P. Robinson III, Esq.