IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK HATELY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-01143 (GBL/MSN) |
| NICOLE TORRENZANO, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Patrick Hately's Motion to Amend Complaint (Dkt. No. 33), United States Magistrate Judge Michael Nachmanoff's Report and Recommendation (Dkt. No. 58), and Plaintiff's Objection to the Report and Recommendation in Favor of Denying Plaintiff's Motion to Amend (Dkt. No. 75). This matter concerns Plaintiff's claim against Defendant Nicole Torrenzano under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*, and Plaintiff's Motion to Amend the complaint to add four additional claims that the Court previously dismissed without prejudice.

There are two issues before the Court. The first issue is whether the Court should accept the Magistrate Judge's recommendation to deny Plaintiff's Motion to Amend based on the ground that granting Plaintiff's Motion would prejudice Defendant, prejudice a non-party that Plaintiff voluntarily dismissed from this suit and seeks to rename as a defendant, or prejudice both. Upon *de novo* review, the Court adopts the Magistrate Judge's recommendation to deny Plaintiff's Motion to Amend because Plaintiff's attempt to amend the complaint would cause undue prejudice to Defendant.

The second issue is whether the Court should accept the Magistrate Judge's

recommendation to deny Plaintiff's Motion to Amend based on the ground that amending the complaint would be futile because it would still fail to sufficiently allege damages. Because the Court finds that amending the complaint would prejudice Defendant and the Court will analyze damages under the SCA at the summary judgment stage, the Court need not address whether amending the complaint would be futile.

## I. BACKGROUND

Plaintiff Patrick Hately and Defendant Nicole Torrenzano were involved in a relationship for approximately five years and have two children together. In March or April 2015, Plaintiff and Defendant separated. Plaintiff alleges that Defendant was also in a relationship with non-party David Watts ("Watts"). Watts is married to Audrey Watts, who contacted Plaintiff and asked if he knew about the relationship between Watts and Defendant. Plaintiff alleges that beginning in July 2015, Defendant hacked into Plaintiff's personal cell phone account by guessing Plaintiff's password, downloaded Plaintiff's phone records, and gave them to Watts who knowingly accepted the illegally acquired information. It appears that in November 2015, Defendant filed a petition for custody and child support in a separate proceeding.

On September 7, 2016, Plaintiff filed a five-count Complaint against Defendant Torrenzano and Watts. (Dkt. No. 1, Compl.) On October 6, 2016, Plaintiff moved to voluntarily dismiss Watts, and this Court dismissed Watts without prejudice on October 25, 2016. (Dkt. Nos. 7 & 12.) On October 24, 2016, Defendant Torrenzano filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 10), which was denied as moot on November 7, 2016 because Plaintiff had filed an amended complaint ("First Amended Complaint") on November 4, 2016. (*See* Dkt. Nos. 21, 22.)

Plaintiff's First Amended Complaint—brought against Defendant but not Watts—asserts five causes of action: (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) violation of the SCA; (3) Virginia Computer Fraud under Va. Code § 18.2-152.3; (4) Virginia Computer Trespass under Va. Code § 18.2-152.4(A); and (5) Virginia Computer Invasion of Privacy under Va. Code § 18.2-152.5. (Dkt. No. 21.) The latter three claims under Virginia law are hereinafter collectively referred to as the "Virginia Computer Crime Claims."

On November 11, 2016, Defendant filed a second motion to dismiss the First Amended Complaint. (Dkt. No. 23.) The Court granted Defendant's second motion to dismiss without prejudice as to the CFAA claim (Count I) and the three Virginia Computer Crime Claims (Counts III, IV, and V). The Court dismissed the CFAA claim because Plaintiff failed to sufficiently allege that he incurred over $5,000 in losses or damages cognizable under the CFAA, which pursuant to 18 U.S.C. § 1030(g) is the statutory threshold for bringing a CFAA action. Although defendant moved to dismiss the Virginia Computer Crime Claims on multiple grounds, the Court dismissed the Virginia Computer Crime Claims because Plaintiff failed to sufficiently allege how he sustained any injury to person or property by reason of a violation of the Virginia Computer Crimes Act ("VCCA"). By contrast, Defendant did *not* move to dismiss the SCA claim (Count II) based on a lack of pleading damages; Defendant moved to dismiss the SCA claim based on the server storing Plaintiff's information not operating as an "electronic storage" communication service for purposes of backup protection. (*See* Dkt. Nos. 23 & 24.) The Court denied Defendant's second motion to dismiss on that ground. (*See* Dkt. No. 30.) Subsequently, on December 16, 2016, Defendant filed an answer to the First Amended Complaint. (Dkt. No. 32.)

On February 13, 2017, Plaintiff moved to amend the complaint by re-pleading counts I, III, IV, and V against Defendant Torrenzano, and renaming Watts as a defendant with respect to all five counts.[1] (Dkt. No. 33.) Plaintiff also filed a waiver of oral argument. (Dkt. No. 34.) On February 20, 2017, Defendant filed a "Notice of Intent to Oppose Plaintiff's Motion to Amend Complaint," stating that Defendant did not waive oral argument. (Dkt. Nos. 37, 38.) On February 27, 2017, Defendant filed her opposition brief and noticed the matter for oral argument on March 17, 2017. (Dkt. Nos. 42, 43.) On February 27, 2017, Watts filed an opposition brief. (Dkt. No. 41.) Plaintiff filed reply briefs on March 6, 2017. (Dkt. Nos. 45, 46.)

On March 17, 2017, the Magistrate Judge heard oral argument from counsel for Plaintiff, Defendant, and Watts regarding Plaintiff's Motion to Amend. (*See* Dkt. No. 48.) On March 24, 2016, the Magistrate Judge issued a Report and Recommendation, which recommended that the Court deny Plaintiff's Motion to Amend based on the grounds that amending the complaint would prejudice Defendant and Watts, and that amending the complaint would be futile. (*See* Dkt. No. 58.) On April 7, 2017, Plaintiff filed an Objection to the Report and Recommendation in Favor of Deny Plaintiff's Motion to Amend. (Dkt. No. 75.) There are also cross-motions for summary judgment pending (Dkt. Nos. 78, 79), but this Memorandum Opinion does not address those motions.

On April 14, 2017, Plaintiff noticed a hearing for April 21, 2017 for the Court to consider his Objection. (Dkt. No. 81.) Upon consideration of Plaintiff's Objection, the briefs submitted to the Magistrate Judge, and the entire case record, the Court may resolve Plaintiff's

---

[1] Four days after filing the Motion to Amend, on February 17, 2017, Plaintiff moved to extend the discovery deadline. (*See* Dkt. No. 35.) After the Magistrate Judge denied Plaintiff's Motion to Amend, Plaintiff withdrew his motion to extend discovery. (*See* Dkt. No. 48; Dkt. No. 73 at 22.)

4

Objection without the need for an oral hearing or further briefing. *See* Fed. R. Civ. P. 78(b); E.D. Va. Local Civil Rule 7(J).

## II. DISCUSSION

### A. Standard of Review

Plaintiff contends that the law is unclear on whether denying a motion to amend is properly classified as a non-dispositive motion (subject to review under 28 U.S.C. § 636(b)(1)(A)) or a dispositive motion (subject to review under § 636(b)(1)(B)), but Plaintiff argues that this Court should treat Plaintiff's Motion to Amend as a dispositive motion based on how the Court referred the motion and how the Magistrate Judge ruled. (*See* Dkt. No. 75 at 2–3.)

Generally, a district judge will not disturb a magistrate judge's ruling on non-dispositive pre-trial matters unless the ruling was "clearly erroneous or is contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, dispositive matters referred to a magistrate judge must be reviewed *de novo* by a district judge upon objection. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The weight of authority within the Fourth Circuit suggests that a district judge should review a magistrate judge's denial of a motion to amend under the clear error standard of review. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 783 (E.D.N.C. 2011) (collecting cases within the Fourth Circuit); *Hudgins v. Colvin*, No. 1:15CV533, 2015 WL 5093286, at *2 (M.D.N.C. Aug. 28, 2015) (same). However, based upon the procedural posture of this case, the Court will review *de novo* Plaintiff's Motion to Amend and the Magistrate Judge's Report and Recommendation. The Court need not reach the issue of whether it should apply the clear error standard; the Court will apply the *de novo* standard because the standard of review is not outcome determinative.

Pursuant to Federal Rule of Civil Procedure 15, a court "should freely give leave" to

amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

**B. Analysis**

The Court adopts the Magistrate Judge's recommendation to deny Plaintiff's Motion to Amend because permitting Plaintiff to amend his complaint would unduly prejudice Defendant.

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. The further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant. *Id.* "A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Laber*, 438 F.3d at 427 (citation and internal quotation marks omitted). However, delay alone is an insufficient reason to deny the plaintiff's motion to amend, and an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.*

A comparison between four cases is instructive. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court reversed the district court's decision denying an amendment to the complaint because "the amendment would have done no more than state an alternative theory for recovery" and the district court failed to justify its decision based on, *inter alia*, undue delay. *Id.* at 182. In *Laber*, the Fourth Circuit reversed the district court's decision denying an amendment,

*inter alia*, because significant discovery had not been conducted, any discovery conducted would not have needed duplicating, and the amended complaint stated an "alternative theory" but did not put any new facts at issue. 438 F.3d at 427–28. By contrast, in *Mayfield v. NASCAR*, 674 F.3d 369 (4th Cir. 2012), the Fourth Circuit affirmed the district court's denial of a motion to amend because the amendment would have prejudiced the defendant where the plaintiff had no excuse for failing to include additional allegations in the original complaint, the complaint was filed over two and one-half years prior, significant discovery had already been conducted, and there was no new evidence that could not have been previously discovered. *See id.* at 379–80. Finally, in *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597 (4th Cir. 2010), the Fourth Circuit affirmed the district court's denial of a motion to amend because the amendment would have changed the nature of the litigation and prejudiced the defendant's "ability to assess rationally its exposure to a damages award." *Id.* at 603. For the reasons that follow, this case is more similar to the facts in the latter two cases—*Mayfield* and *Niles*.

Here, Plaintiff's proposed Second Amended Complaint would unduly prejudice Defendant for four reasons. *First*, discovery was well underway when Plaintiff filed the Motion to Amend on February 13, 2017 and, in fact, closed as of March 10, 2017. (*See* Dkt. No. 13, Scheduling Order.) By the time Plaintiff filed the Motion to Amend, the joint proposed deadlines for written discovery (January 4, 2017), depositions (February 10, 2017), and initial expert disclosures had all passed. (*See* Dkt. Nos. 19, 20.) *Second*, the record reflects that Plaintiff failed to respond timely to discovery requests and provided inadequate responses to discovery. (*See* Dkt. Nos. 39, 40, 47, 73, 74.) *Third*, Plaintiff's failure to comply with Local Civil Rule 7(E) by "arrang[ing] with opposing counsel for submission of the motion without oral

argument" prolonged the time it has taken to resolve this matter.[2] *Fourth*, allowing Plaintiff to amend his complaint a second time would change the nature of this litigation. The amendment would certainly require the Court to reopen discovery for Watts, and would probably lead to Defendant having to revisit discovery she had already completed. The amendment also would add four claims to what would otherwise be a narrow case involving a single cause of action under the SCA, affecting a key issue throughout this litigation—*i.e.*, Defendant's exposure to damages.

In the proceedings before the Magistrate Judge and in his Objection, Plaintiff has argued that he did not move to amend his complaint sooner because of the need to undertook third-party discovery and gather evidence to support all of the claims. This argument is misplaced because the primary justification for Defendant's first motion to dismiss, Defendant's second motion to dismiss, and the Court's order dismissing four of the five claims all concerned an issue having little, if anything, to do with third-party discovery. At each juncture, the deficiencies in Plaintiff's claims were that he did not sufficiently allege damages or how he had been injured.

In sum, allowing Plaintiff to amend his complaint would unduly prejudice Defendant.

### III. CONCLUSION

The Court will deny Plaintiff leave to amend his First Amended Complaint because doing so would unduly prejudice Defendant.

Accordingly, it is hereby

**ORDERED** that Plaintiff Patrick Hately's Motion to Amend Complaint (Dkt. No. 33) is **DENIED**; it is further

---

[2] In his Objection, Plaintiff avers that he fully complied with both federal and local rules when seeking to amend the First Amended Complaint (*see* Dkt. No. 75 at 7), but that assertion is contradicted by the record.

**ORDERED** that Court **ADOPTS** United States Magistrate Judge Michael Nachmanoff's Report and Recommendation (Dkt. No. 58) to the extent it recommends denying the motion to amend based on the ground that doing so would prejudice Defendant; and it is further

**ORDERED** that Plaintiff's Objection to the Report and Recommendation in Favor of Denying Plaintiff's Motion to Amend (Dkt. No. 75) is **OVERRULED**.

**IT IS SO ORDERED.**

ENTERED this 20th day of April, 2017.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge